[No. 2241.]

## TAYLOR v. INGERSOLL.

1. **Chattel Mortgages—Contract to Pay Debts of Mortgagor—Evidence.**

Where a merchant executed a chattel mortgage upon certain property in consideration of which the mortgagee assumed and promised to pay certain debts owed by mortgagor, the names of the creditors and the amounts owed to each, which the mortgagee assumed, being stated in the chattel mortgage, in an action by one of the creditors against the mortgagee for the amount stipulated and agreed to be paid to him, when plaintiff proved the contract in the chattel mortgage it was unnecessary to introduce further evidence to show that the mortgagor was indebted to plaintiff and the amount thereof and error committed in the admission of secondary evidence as to the amount of such indebtedness was not prejudicial.

2. **Same—Acceptance.**

Where in consideration of a chattel mortgage the mortgagee assumed and agreed to pay certain debts of the mortgagor, notice to the mortgagee by one of the creditors that he accepted the terms of the contract and a subsequent suit thereon was a sufficient acceptance by such creditor.

*Appeal from the County Court of El Paso County.*

Mr. G. W. MUSSER and Mr. BERT LINN, for appellant.

Mr. H. G. LAING, for appellee.

GUNTER, J.

Myers Grocery Company was indebted to various parties; desirous of discharging these claims it gave a chattel mortgage upon certain of its assets to appellant Taylor, in consideration of his executing an instrument containing *inter alia* the following provision.

"Colorado Springs, Jany. 23, 1899. For value received I hereby  *  *  *  agree to pay within sixty days from this date, all those debts  *  *  * of that certain firm  *  *  *  the Myers Grocery Company  *  *  *  shown on the attached statement, the amount assumed hereby being limited to the sums set opposite the respective names of said creditors, as shown on said attached statement.

"C. D. Taylor."

After this section of the contract appeared the names of creditors, and, opposite the respective names, the definite amount due each, including the amount due appellee Ingersoll.

Appellant failing to pay the sum so agreed within the time fixed, appellee sued upon above contract, had judgment, and therefrom is this appeal.

Appellant contends that prejudicial error was committed by the trial court in admitting certain secondary evidence as to the amount owing by Myers Grocery Company to appellee. If error was so committed, it was without prejudice, because committed in establishing an immaterial fact. Plaintiff (appellee) proved the above contract, the consideration therefor, and thereby established the unconditional promise of defendant to pay to plaintiff the definite sum stated therein. By this agreement plaintiff

and defendant fixed the amount owing by Myers Grocery Company to plaintiff, and defendant agreed to pay that amount. There was no necessity for plaintiff, in making out his case, proving that Myers Grocery Company did owe him the amount which defendant, for a valuable consideration, had promised to pay him by above contract. The reception of the evidence complained of in no degree affected the result of the trial.

Defendant introduced no evidence. The court, as it should have done, instructed a verdict for the sum agreed to be paid plaintiff by above contract.

Appellant further contends, that the contract sued upon was not accepted by plaintiff. Plaintiff, by counsel, had the contract examined, and notified defendant promptly of its acceptance. This suit was also an acceptance of its terms.

Judgment should be affirmed.     *Affirmed.*